Judge TJnbeb.'wood,
delivered the opinion of the court.
Ginn, assignee of Holeman, instituted an action of covenant against Dana, for the recovery of commonwealth’s paper or its value, upon a note due -the 1st of August, 1820, assigned on the 16th of June, 1826, and dated 21st February, 1824. Dana plead payment, accord and satisfaction, and set-off. All the pleas relied on defences, against the assignor, before no» tice of the assignment. At the March term, 1828, the plaintiff was non-suited. At the same term the court made the following order. “It is ordered that the, non-suit rendered herein, be set aside, upon payment of costs.” At the next term, the plaintiff joined the first and replied to the second and third pleas. At the March term, 1829, the defendant moved the court to strike the cause from the docket, upon the ground that Jthe costs of lh« non-suit, entered at March, 1828, wens *243 »ot paid during that term, nor at any time since. Tiie court overruled the motion and the defendant excepted. In July, 1829, atrial was had. The defendant filed exceptions to the instructions of the court then given. Gill obtained a verdict and judgment.
Where a plaintiff is do.manded and doth not appear he is said to be non-suit.
A non-suit does not, except in some particular cases, constitute a bar to another suit 1'or-the same cause and in this respect it differs from a retraxit In genera], the only con.-, sequence of a non-suit, is to subject the plain tiff to the payment of costs.
A non-suit will be set aside, sometimes, upon payment of costs and sometimes, without the payment of costs.
Order “that' the non-suit rendered herein be sot aside upon payment of costs p the payment of costs is not a condition precedent which is to be performed before the full operation of the order. Such order has no other effect, than to subject the plaintiffto the payment of the costs of thu non-suit-^and if lie does not pay them, it may furnish good oause for attachment to compel their payment or justify suing out execution for their amount.
*243 Two questions worthy of consideration are presented by the assignment of errors. First, did the court err in refusing to strike the cause from the docket? Second, did the court err in its instructions?
In Jacob’s Taw Dictionary, a non-suit is said to- be “a renunciation of a suit by the plaintiff, or demandant, most commonly upon the discovery of some error or defect, when the matter is so far proceeded in, that the jury is ready to deliver their verdict.” In Bacon’s Abridgment, title, Non-suit, it is said, “where a plaintiff is demanded and doth not appear, he is said to. be non-suit.”
A non-suit, as may be seen by these authors, does not, except in some particular cases, constitute a bar to another suit for the same cause, and in this respect it differs from a retraxit. The only consequence of a non-suit, in" the general, is to subject the plaintiff to the payment of costs. Non-suits, when entered, may be set aside, sometimes without tire payment of costs, and sometimes upon payment of costs, as may be seen in a note; Bacon’s Abridgment, title, Non-suit, letter A. Now, it is contended here, that as the non-suit was set aside, upon payment of costs, that their payment constituted a condition precedent, which must be performed during the term at which the entry was made, and if not, that the order setting aside the non-suit, is altogether inoperative. There is no direction given by the court, as to the time within which the costs should be paid.' Their payment is not limited to the continuance of the term, and it seems to us to be an arbitrary construction so to consider it. What effect, then, shall that part of the order have, which declares the non-suit to be set aside upon payment of 'costs ? We answer; no other than to-impose an obligation upon the plaintiff, to pay the costs occasioned .by his default, and if he does not, it may furnish a good cause for attachment, to compel their payment or justify sueing out execution for the amount. In .this case, it was proved ihat the costs were paid, before the motion to strike the *244 cause from the docket was made. We ear, therefore, perceive no good reason for turning the parties out of court, merely for the purpose of having another action instituted. The case of Gains vs. Dailey, dicided at the spring term, 1829, is not regarded as analogous to the present. In that case, the granting of a new trial was made to depend on a contingency, and so far the order of court was regarded as a nullity. Our construeli-onrof the order, setting aside the non-suit,in this case, is, that it is positive and not contingent; and the language is that usually employed by clerks, to show that the non-suit was set aside, and that the, plaintiff should* pay the costs.
The defendant in the circuit court proved that the assignor, Holeman, and himself, were partners in, and joint owners of, a printing establishment and newspaper, denominated the-Commentator, and were to share the profits and conduct the business for their common, benefit; that Holeman received a warrant on the treasurer, dated 23d December, 1825, for §‘1,235, payable to-Holeman and Dana, or to- Holeman, or to bearer, and gave evidence conducing to show, that as apartner of Holeman, he was equally interested in the amount of said warrant, and that warrants of that character were paid in notes on the bank of the commonwealth; see the act appropriating monej’, approved December 21st, 1825. A witness proved that said §‘1,235 had not been carried to, or entered upon, the account book of Holeman and Dana. The plaintiff'moved the court to exclude the foregoing evidence. The court refused, but instructed the jury, “that the fact of said Holeman having received the said sum of §1,235, for the use of the partnership between him and the dc*fendant, taken in connexion with the fact of his having omitted to bring the same into the partnership accounts, was not evidence from which they might infer that the money, or any part of it, had been applied by Holeman to the payment of the note sued on.”
This instruction presents the second question for consideration. The evidence upon which the instruction was predicated, did not, in our opinion, conduce, in the smallest degree, to support either the plea of accord and satisfaction, or that of set-off. If the evidence was admissible, the plea of payment alone justified its *245 deception. If it conduced to prove payment, its weight ought to have been left to the jury. If the jury had no right to infer from it a payment of the note sued on, then itwasirrelevant and ought to have been excluded. The opinion of the court, in permitting the evidence to remain before the jury, seems not to harmonize with the opinion expressed in the instructions, that it was not competent to prove the only fact which could legitimately be proved by it, under the issues, to-wit: the payment of the note sued on. ] t seems to us that the court erred in one of these opinions. Butif the evidence ought to have been excluded, and the court improperly admitted it, the instruction given, and predicated upon it, could not operate to the injury of the defendant; for by the instruction, the same effect would be produced, which would have followed the rejection of the evidence. To decide, therefore, whether the evidence was admissible or not, will virtually determine the correctness or incorrectness of the instruction. It is not shown that the partnership accounts were ever settled. On which side the balance would be, or whether each partner had equally participated in the profits of the concern, cannot be told.
On articles of partnership, partners may-have remedy against each other for a violation of any stipulation, in an action of covenant.
In general, where the partnership accounts are stated, and a balance struck and one of the partners promises to pay it, assumpsit will lie for the money.
As the record furnishes no proof whatever, in relation to the condition of the partnership, and the accounts of the partners, and the balance which might be due from one to the other, had their accounts been fully stated and settled, is it admissible to select the item which should have been placed upon the books of the firm, growing out of the appropriation, by the legislature, of the said $1,235, and to introduce it in the manner attempted,as evidence in this cause? We think it is not. On articles of partnership, partners may have remedy against each other, for a violation of any stipulation, in the action of covenant.
In general, where the accounts are stated, and a balance is struck, and one of the partners promises to pay it, an action of assumpsit may be maintained against him for tire money. The action of account was tolerated in favor of one partner against another; but this action has gone into disuse. These were the usual remedies between partners at common law; see Watson on Partnership, 394 to 409. They have been superseded in a great measure, by applications to a court of equity where intricate accounts constitute the subjects of con *246 troversy. Some partnership transactions are regarded' as exclusively appertaining to a court of equity; see Lansdale vs. Brashier, III Mon. 331. Justice Buller lays it down, that “one partner cannot recover a sum" of money received by the other, unless, on a balance struck, that sum be found"due to him alone;” see Watson 401. This sentence • had reference to an action at law and to the sum of £30 received by the defendant on the partnership account; no part of which was the plaintiff permitted to recover, and in which all the judges concurred;-although the plaintiff recovered a much larger sum received upon a bill of exchange transmitted to bim.-in the name of the firm, it appearing that the sum so recovered did not belong to the partnership, but to the plaintiff- individually.
The action of account has gone into disuse.
pne partner cannot recover a sum of money receiv od by the other, unless on a balance struck that sum be found due to him alone.
One partner is not responsible to another for taking By force and delivering over to a third person the goods of the '-firm.
One partner is not responsible to another for talffrig by force, and delivering over to a third person, the goods of the firm. Montjoy vs. Holder, Litt. Select Cases, 448. These doctrines result from the identity of the interest of partners in the money and goods of the firm. It follows from them, that Holeman was not responsible to Dana in an action at law, for any part of the bank notes received by him upon the auditor’s warrant, regarding these notes as paid on the partnership account. We cannot perceive how the failure to make an entry of the transaction on the books of the firm, should alter the case. The presumption is irre-sistable, that the warrant was paid at the treasury before the date of the assignment, and before the note sued on became due. There is no evidence of any agreement between the parties, by which Dana’s interest in the warrant was to be appropriated in payment of the note. Under these circumstances then,, connected with the law of the case, we are of opinion,, that the evidence did not furnish the least ground upon which the jury could indulge an inference in support of the plea of payment. The court should,, therefore, have excluded the evidence, leaving the $1,235, to be settled when the partnership transactions! are closed. The consequence-is, that the instruction-of the court did not prejudice the defendant.
The chief justice is of opinion, that, as there was-no proof of any other unsettled partnership account between the parties, and as Holeman- received the mo *247 iiey andomited to credit Dana with his part of it, by proper entry on the books of the firm, and as Dana seems to have acquiesced, the jury had a right to hear the -evidence, and might have inferred that the appropriation, by jfloleman, was intended and understood by the parties, as a payment on the note which Holeman held on Dana, in this, the majority of the court do not concur, and therefore, the judgment is affirmed with costs and damages.
Dana, for plaintiff; Monroe and Denny, for defen-' danf.